IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEANNIE LEE TAMEZ,<br>    ID # 50137-177,<br>        Movant, | )<br>)<br>)<br>) |
| vs. | )    No. 3:20-CV-3050-D-BH<br>)    No. 3:15-CR-279-D(4)<br>) |
| UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)    Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the court is the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on October 29, 2020 (doc. 5). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice as barred by the statute of limitations.

## I.    BACKGROUND

On October 19, 2015, Jeannie Lee Tamez (Movant), a current inmate in the federal prison system, was charged by superseding information with one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 846. (*See* doc. 41.)[2] Pursuant to a plea agreement, Movant pled guilty to the single count of the superseding information on November 20, 2015. (*See* docs. 43-45, 51.)  By judgment entered January 23, 2017, she was sentenced to a term of imprisonment of 75 months and 23 days, to be followed by a 3-year of supervised release. (*See* doc. 122.)  Movant did not appeal her conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:15-CR-279-D(4).

Movant now challenges her conviction and sentence on the grounds that:

(1) [Movant] was not charged with actual drug weight. [Movant's] base level was substantially increased by unreliable CI's. [Movant's] attorney failed to object to [the presentence investigation report (PSR)] or amounts; and

(2) [Movant's] attorney failed to file a notice of appeal for [Movant] like [Movant] wanted and did not go over pros/cons of appeal.

(No. 3:20-CV-3050-D-BH, doc. 5 at 7.)

## II.   STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on February 6, 2017, when the fourteen-day period for appealing her criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction,

2

it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). She does not allege that government action prevented her from filing a § 2255 petition earlier. *See* 28 U.S.C. § 2255(f)(2). Although Movant references new case law out of the United States Court of Appeals for the Seventh Circuit to support her habeas claims, (s*ee* doc. 5 at 9, 11-12), that case law does not establish a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

Movant alleges that she was not charged with the proper drug weight, her base offense level was improperly increased, her counsel failed to object to the PSR or drug quantity amount, and her counsel failed to file a notice of appeal and inform her about the pros and cons of an appeal. Her claims became known or could have become known through the exercise of due diligence prior to the date her conviction became final. Because the date her conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, February 6, 2017. Movant did not file her § 2255 motion until approximately 3 years and 9 months later, so it is untimely in the absence of equitable tolling.

**A.     Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th

Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if she shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant provides no basis for equitably tolling the limitations period. Because she has not met her burden to establish circumstances warranting equitable tolling, her § 2255 motion should be denied as untimely.

**B.**     **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to

excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case. *See Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if *McQuiggin* applies, however, Movant does not allege that she is actually innocent. She has therefore failed to overcome the statute of limitations, and her motion is time-barred.

### III. RECOMMENDATION

The *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on October 29, 2020, should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 6th day of November, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE